108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rafael GALLARDO, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-56627.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1997.*
Decided March 13, 1997.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Gallardo first contends that the ALJ erred by relying on the wrong Medical-Vocational grid to make a determination that Gallardo was not disabled. The ALJ said he used "Rules 202.18 and 202.19 of Table No. 3 of Appendix 2" as a framework for his decision. The cited rules are found in Table No. 2, which is applicable to claimants who are limited to light work. The only error committed by the ALJ was the harmless one of writing "Table No. 3" in his opinion, and the district court did not err by declining to reverse the ALJ's decision on this ground.
 
 
 4
 Gallardo also claims that the ALJ did not pose a hypothetical to the vocational expert that accurately reflected all of his limitations. The ALJ asked the expert to consider this scenario:
 
 
 5
 Let us assume that the claimant is able to lift only 25 pounds occasionally and 20 pounds frequently and carry 25 pounds occasionally and 20 pounds frequently. He can stand and/or walk up to six hours during an eight hour day, he can sit up to six hours. He has no limitations on pushing or pulling other than as stated for lifting and carrying. He has some non-exertional limitations which are postural; he must avoid repetitive stooping and avoid repetitive crouching. He is not literate in English and he is not able to communicate in English, and has no other significant non-exertional limitations.
 
 
 6
 This hypothetical is supported by the findings of Gallardo's treating physician, Dr. Parks and included all of Gallardo's limitations. Cf. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988). Based on this example, the vocational expert concluded that Gallardo could perform substantial gainful activity in the national economy. The ALJ's conclusion that Gallardo was not disabled is therefore supported by substantial evidence in the record.
 
 
 7
 Gallardo argues that the ALJ erred by discounting his subjective accounts of pain. The ALJ relied on several factors in concluding that Gallardo's pain was not as severe as he claimed: (1) the conservative nature of his medical treatment; (2) the fact that Gallardo forgot to wear his back brace to the hearing and had not worn it in several days; (3) Gallardo's use of only over-the-counter Tylenol for pain relief; (4) activities that were inconsistent with Gallardo's claimed disability. The ALJ may disregard a claimant's account of pain only after making specific findings adequately supported by the record. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991). Since the ALJ made such findings, justified by substantial evidence in the record, the district court did not err in granting summary judgment for the Secretary.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert R. Merhige, Senior United States District Judge, for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3